COLUMBUS WELCH, et al., *Plaintiffs in Error*, v. THE TOWN OF COTTONDALE, A CORPORATION, *Defendant in Error*.

Where a petition has been filed by certain residents and land owners of an incorporated town seeking to exclude certain described lots of land from the corporation limits on the grounds that such lots are not needed in such town, and that the lots sought to be excluded, have derived no. benefit from the corporation, and an answer has. been filed making an issue upon such allegations, and testimony was taken and is conflicting and upon a hearing the Circuit Judge has made a decision denying relief to the petitioners, this court will not reverse the decision of the Circuit Judge.

This case was decided by Division B.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell*, for Plaintiffs in Error;

*C. L. Wilson*, for Defendant in Error.

HOCKER, J.—Columbus Welch, T. B. Ferrell by his attorney E. C. Welch, and Mrs. A. N. Ferrell, by her agent Columbus Welch, filed an amended petition in the Circuit Court of Jackson County, alleging they were land owners and citizens of the incorporated town of Cottondale, having less than. one hundred and fifty qualified electors. They allege that said town owing to the extent of its territory has embraced within its corporate limits certain lands belonging to petitioners, which is used for farming purposes, *viz*: the growing of corn, cotton and other agricultural products; that a portion of said land is wood-

land on which is growing virgin forests and undergrowth, and only a small portion actually used for dwelling purposes and a mill site; that this land has never received any part of the public improvements or benefits of the town government; that petitioners have paid in all about $125.00 for municipal taxes, and all improvements made around the property could be made for $150.00. This land is asked to be excluded from the incorporation limits, and consists of about one hundred and twenty acres in the southwestern portion of the town. The whole land included in the incorporation limits is 20 quarter-quarter sections, four wide east and west, and five north and south, about 1600 acres. Nearly all the land asked to be excluded belongs to petitioner Columbus Welch. The town answered the petition denying that the land of petitioners is excluded from the benefit of the municipal government, that the greater portion is used for agricultural purposes, and that any great portion was woodland.

It is alleged in the answer that a part of the territory petitioners seek to exclude from the corporate limits is within one or two hundred yards of the center of the town, and probably within one hundred yards of the depot of the Louisville & Nashville Railroad Company; that part of it comes up to and joins the most popular street crossing the Louisville & Nashville Railroad; that a greater part of the territory sought to be excluded is inhabited by citizens of the town, and a part of it in the business district; that some part of said territory is used for agricultural purposes, but it is considered necessary for the protection of the citizens of the town from rowdyism that all the territory immediately adjacent to the business part and dwelling districts be incorporated so as to have police protection; that Columbus Welch owns the greater part of the territory sought to be excluded;

that he has dwelling houses and tenant houses on said territory, and that he seeks to avoid the payment of town taxes, and is prejudiced against the town by reason of his inability to control the municipal government; that at the time the town was incorporated Columbus Welch was one of the men who outlined the corporate limits as it now exists, and so long as he could control the municipal government he made no objection to the corporation limits; that he has been serving on the town council, and his son, E. C. Welch, until recently has been mayor.

The answer also alleges that the territory sought to be excluded has received its fair proportionate share of municipal government.

Testimony was taken by the Circuit Judge and on a hearing he dismissed the petition at the costs of the petitioners. A motion for a new trial was made and overruled, exception noted, and a writ of error sued out.

The grounds of the motion for a new trial are:

1st. That the decision is contrary to the law and not supported by the law.

2nd. That the decision of the court is not in conformity with the statute.

3rd. That the decision of the court is not supported by the statute.

This motion presents the only questions before us. There is no ground attacking the decision because not supported by the evidence, or as being against the evidence or weight of evidence. No questions of law were raised before the Circuit Court, and none here except in the application of general principles to the evidence. The proceeding seems to have been in all respects in conformity with section 1073 General Statutes of 1906. While there was a conflict in the testimony, there was abundant evidence to sustain the decision, and we can discover no

error which would justify a reversal of the action of the Circuit Judge. The judgment is affirmed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.